FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN V., | No.   1:19-cv-03212-SMJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ANDREW SAUL, | |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Juan V. appeals the Administrative Law Judge's (ALJ) denial of his application for Supplemental Security Income (SSI) benefits. Plaintiff alleges the ALJ (1) failed to assess Plaintiff's right arm and right ankle impairments as severe, (2) improperly discounted or dismissed medical opinions, (3) improperly discounted Plaintiff's symptom testimony, and (4) failed to show Plaintiff could perform specific jobs in substantial numbers in the economy. ECF No. 12. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. ECF No. 21. Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 12, 21.

Having reviewed the administrative record, the parties' briefs, and the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 1

relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds the ALJ committed reversible errors. Although these errors invalidated the ALJ's conclusion that Plaintiff did not qualify for benefits, Plaintiff's entitlement is not clear from the face of the record. Accordingly, the Court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands for further proceedings.

## BACKGROUND[1]

Plaintiff applied for SSI benefits on August 14, 2014. AR 232–37.[2] The Commissioner denied Plaintiff's application on December 29, 2014, *see* AR 92–104, and denied it again on reconsideration, *see* AR 105–18. At Plaintiff's request, a hearing was held before ALJ Wayne N. Araki and a second hearing was held, also before ALJ Araki. AR 43–64, 65–91. The ALJ denied Plaintiff benefits on June 20, 2018. AR 12–36. The Appeals Council denied Plaintiff's request for review on July 17, 2019. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

//

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 9, are to the provided page numbers to avoid confusion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 2

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the

evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 4

substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. AR 17.

At step two, the ALJ found that Plaintiff had three medically determinable severe impairments: affective disorder, post-traumatic stress disorder (PTSD), and residual effects of gunshot wounds, including hip fractures and gastrointestinal disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 19.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [Plaintiff] can lift and/or carry ten pounds occasionally and less than ten pounds frequently. He can stand and/or walk in 15-30-minute intervals for a total of two hours per day. [Plaintiff] can sit in two- hour intervals for a total of eight hours per day. He cannot climb ladders, ropes, or scaffolds. [Plaintiff] [can] occasionally climb stairs and ramps. [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can tolerate occasional exposure to extreme cold. He cannot use high-impact tools such as nail guns or jack hammers, otherwise he can tolerate occasional exposure to vibrations. [Plaintiff] cannot work at exposed heights and cannot operate heavy equipment; otherwise, he can tolerate occasional exposure to hazards. [Plaintiff] is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 5

able to remember and understand instructions for tasks generally required by occupations with an SVP of 1-2, i.e., tasks that can be learned by simple demonstration only or within 30 days. The claimant is able to carry out instructions for tasks as well as complete tasks generally required by occupations with an SVP of 1-2. He can occasionally interact with the general public and with co-workers or peers. Work should not require travel as a c1itical element of the job. The claimant is able to adjust to work setting changes generally associated with occupations with an SVP of 1-2. Work tasks should be able to be completed without the assistance of others although occasional assistance would be tolerated.

AR 21. In reaching this determination, the ALJ gave some weight to state medical consultants Gordon Hale, M.D. and Howard Platter, M.D., as well as those of consultative examiner William Drenguis, M.D. AR 24–25. The ALJ gave limited weight to the opinions of treating providers Shawn Fox, ARNP and Sarah Garrison, ARNP, and little weight to the opinion of consultant Brent Packer, M.D. AR 25. The ALJ gave significant weight to state psychological consultants Thomas Clifford, Ph.D. and Dan Donahue, Ph.D., some weight to consultative examiner Gregory Sawyer, M.D., and very little weight to examining provider Jenifer Schultz, Ph.D. AR 26–27. The ALJ gave very little weight to the temporary functional limitations assigned by treatment providers while Plaintiff recovered from various injuries and to evaluations completed in June 2009, October 2009, and June 2011, and no weight to the disability ratings assigned by physical therapists and to the disabled parking permit approval provided to Plaintiff in October 2015. AR 28.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 6

At step five, the ALJ found Plaintiff had no past relevant work but could perform jobs existing in substantial number in the national economy including final assembler, table worker, and masker. *Id.* at 28–29.

## STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 7

# ANALYSIS

## A.    Any error in failing to find Plaintiff's right arm and right ankle impairments were severe was harmless

Plaintiff contends the ALJ's determination that his right arm and right ankle impairments were not severe at step two was in error. ECF No. 12 at 3–7. The Commissioner contends that Plaintiff's right arm and right ankle impairments do not meet the durational requirements to be classified as severe impairments. ECF No. 19 at 3–4.

Step two is a threshold determination to screen out weak claims of disability. *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987). This step is "not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). Rather, when assessing RFC, the ALJ must consider all symptoms, whether from conditions found to be "severe" at step two or otherwise. *Id.* Plaintiff's argument that the failure to list these as severe impairments was "outcome-determinative" is thus unavailing. *See* ECF No. 22 at 3. The ALJ's step two analysis was favorable to Plaintiff and the ALJ considered all of Plaintiff's symptoms, including his right ankle fracture and medical findings related to Plaintiff's right hand. AR 17, 21, 23, 25 & 28. Thus, any error in failing to find that specific impairments were not severe was harmless. *See Buck*, 869 F.3d at 1048.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 8

**B.    The ALJ erred in discounting the opinions of ARNP Fox, but did not err in rejecting the opinions of Dr. Schultz, ARNP Garrison, Dr. Packer, Dr. Clifford and Dr. Donahue, or the state evaluations from 2009 and 2011**

Plaintiff argues the ALJ erred by giving limited weight to the opinions of treating providers Shawn Fox, ARNP and Sarah Garrison, ARNP, little weight to the opinions of non-examining physician Brent Packer, M.D., very little weight to examining psychologist Jenifer Schultz, Ph.D., no weight to state evaluations completed in June 2009, October 2009, and June 2011, and significant weight to state psychological consultants Thomas Clifford, Ph.D. and Dan Donahue, Ph.D. ECF No. 12 at 7–16. The Commissioner argues substantial evidence supports the ALJ's weighing of the medical opinions. ECF No. 21 at 7.

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 9

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only for "clear and convincing reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d 821, 830–31).

### 1.    Dr. Schultz, Ph.D.

The ALJ gave very little weight to examining psychologist Dr. Schultz, finding that Dr. Schultz's opinions were unsupported by her examination findings and were inconsistent with the record as a whole. AR 27. The ALJ specifically noted that Dr. Schultz's examination showed Plaintiff had "intact immediate recall and could perform a three-step command correctly," though "other tests revealed some memory and concentration deficit." *Id.* The ALJ determined that these results did not support the "extreme functional limitations" Dr. Schultz assessed. *Id.* The ALJ also noted that Dr. Schultz "provided no explanation for the extreme social limitations she assessed," and that her report indicates Plaintiff "was cooperative and presented with appropriate grooming and normal speech." *Id.* The ALJ explained that the extreme social limitations were inconsistent with Plaintiff's own allegations of his anxiety and paranoia and with Plaintiff's treatment records, which document mental status and functioning within normal limits. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 10

1    Dr. Schultz's opinions are contradicted by the opinions of examining

2    psychologist Dr. Sawyer and of non-examining psychologists Dr. Clifford and

3    Dr. Donahue, and thus the ALJ was required to give specific and legitimate reasons

4    supported by substantial evidence to assign them reduced weight. *Bayliss*, 427 F.3d

5    at 1216. Here, the ALJ gave three specific and legitimate reasons: that Dr. Schultz's

6    opinion was (1) unsupported by her own examination findings, (2) inconsistent with

7    Plaintiff's allegations, and (3) inconsistent with the medical record as a whole.

8    AR 27. Plaintiff contends, however, that the ALJ's determination that the opinions

9    were unsupported was improper and that her findings are not inconsistent with

10    Plaintiff's medical records or his own symptom testimony. ECF No. 12 at 9–11.

11    However, a review of the record contradicts the ALJ's assessment that Dr.

12    Schultz's opinion was unsupported by her own examination findings. Although Dr.

13    Schultz did find Plaintiff could perform a three-step command correctly and was

14    able to immediately recall three objects, her examination also shows numerous

15    findings that reflect more than "some" memory and concentration deficit and which

16    would support Dr. Schultz's assessment of significant limitation. AR 804. For

17    example, Plaintiff was not able to recall any of the three objects after a short time,

18    his historical memory was poor, his serial sevens test reflected only one of five

19    correct answers, and he was not able to spell "world" either forwards or backwards.

20    *Id.* In other words, Plaintiff's memory and concentration test results were primarily

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT – 11

negative. Dr. Schultz specifically identified the poor serial sevens test results, Plaintiff's poor core memory, and his difficulty concentrating during the examination as reasons for her functional assessment. AR 805.

The ALJ is also incorrect that Dr. Schultz provided no explanation for the extreme social limitations she assessed. Dr. Schultz described Plaintiff's "poor social interaction" as a basis for her functional assessment and although the ALJ correctly noted that Plaintiff was cooperative and presented with appropriate grooming and normal speech, Dr. Schultz also reported that he had a slack affect. AR 804. Dr. Schultz further explained that Plaintiff reported feeling paranoid around people. AR 808. Although some of these symptoms appear to be based on Plaintiff's own description of his social functioning, this is not a sufficient basis to discount Dr. Schultz's assessment. *See Buck*, 869 F.3d at 1049 (citing *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)) ("Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry."). Therefore, this reason for rejecting Dr. Schultz's opinion was not supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216.

The ALJ next opined that Dr. Schultz's opinions were inconsistent with Plaintiff's own allegations that his symptoms, in the ALJ's words, "cause some

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 12

anxiety and paranoia." AR 27. The ALJ did not identify specific records to support this assertion and a review of the record contradicts the ALJ's characterization of Plaintiff's alleged symptoms. Plaintiff's testimony at the hearing was vague as to his anxiety and depression. AR 81 ("I've been—I get anxieties. And, I can't sleep at night. I'm always moving up and down, and feel, like, depressed and—yeah."). However, Plaintiff previously asserted he is always thinking about the random shooting that resulted in his injuries,[3] is afraid to be in public, cannot sleep, feels depressed, has "a lot of anxiety and [he is] always scared," and that he does not spend time with others because he feels unsafe. AR 258, 265. As such, this reason was also not supported by substantial evidence.

Finally, the ALJ asserted Dr. Schultz's opinion was inconsistent with other medical records, which "generally document mental status and functioning that is within normal limits." AR 27. The ALJ referenced Plaintiff's "treatment records, discussed above," and the ALJ's prior discussion of Plaintiff's psychiatric treatment history cited from Plaintiff's treating physician reflecting that, although Plaintiff occasionally reported anxiety and his affect at those times was congruous with that mood, on other occasions he did not report any anxiety and his cognitive functioning was consistently within normal limits. AR 27, 23 (citing AR 838, 848,

---

[3] Plaintiff was targeted at random and shot multiple times while sitting in his car with his toddler. AR 792. The culprit was not arrested. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 13

850, 852 & 855). These records, which span a period from December 2016 to February 2018, support the ALJ's decision to give limited weight to Dr. Schultz's opinions.

Plaintiff points to records from Dr. Sawyer's examination that somewhat undermine the ALJ's assertion. During that examination, Plaintiff's affect was anxious and his mental examination results showed multiple negative results. AR 583–84. However, Dr. Sawyer's interpretation of these results reflects that Plaintiff would only have "some" difficulty in sustaining concentration and persistence in work-related activity at a reasonable pace but would not have difficulty in other aspects of work. AR 585. Because this evidence supports more than one rational interpretation, the Court upholds the ALJ's decision, which is supported by inferences reasonably drawn from the record. *See Molina*, 674 F.3d at 1110. Similarly, Plaintiff's assertion that Dr. McVay's description of Plaintiff as "anxious" does not undermine the ALJ's decision because it is not clear from the record that his anxiety resulted in his mental status or functioning being outside normal limits. AR 792–93.

Two of the three reasons the ALJ gave for discounting Dr. Schultz's opinions were not supported by substantial evidence. However, because the ALJ's determination that Dr. Schultz's opinions were inconsistent with the record as a whole was a specific and legitimate reason supported by substantial evidence, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 14

two prior errors were harmless. *See Combs v. Astrue*, 387 Fed. App'x 706, 708 (9th Cir. 2010) (unpublished) (holding that the ALJ permissibly rejected the medical opinion of a treating physician which was unsupported by the record as a whole).

### 2.    ARNP Garrison, Dr. Ullom, M.D. and Dr. Packer, M.D.

The ALJ gave limited weight to the July 2014 opinion of treating provider ARNP Garrison, which was co-signed by L. Ullom, M.D. because this opinion was based on an assessment shortly after Plaintiff's gunshot wounds and the opinion noted the limitations would last approximately six to twelve months. AR 25. The ALJ determined that this did not represent Plaintiff's "baseline functioning." *Id.* The ALJ also gave little weight to the opinion of non-examining physician Dr. Packer because it was based on the "immediate aftermath of being shot and hospitalized, and does not reflect [Plaintiff's] baseline functioning." AR 25–26.

ARNP Garrison, joined by Dr. Ullom, opined in July 2014 that Plaintiff was severely limited in his ability to sit, stand, walk, lift, carry, push, pull, reach, stoop, and crouch, and that these impairments would likely last for six to twelve months. AR 713–14. Later that month, Dr. Packer opined Plaintiff was unable to lift ten pounds, frequently lift or carry small articles, sit for most of the day, or stand or walk for brief periods, and that an anticipated duration of twelve months of these limitations was supported by the medical records. AR 386, 388.

As to the first opinion, Plaintiff asserts the ALJ erred "by failing to recognize

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 15

this opinion was shared by ARNP Garrison and Dr. Ullom," and erred because a twelve-month duration would result in disability and because a 2016 opinion by ARNP Fox shows Plaintiff's limitations . ECF No. 12 at 12–13. However, the ALJ did not find that the impairments from Plaintiff's gunshot wounds would not meet the durational requirement of lasting twelve months, but rather that the high level of impairment noted in this specific opinion was anticipated to last for six to twelve months. *See* AR 25. The ALJ cited records of Plaintiff's improvement after these assessments in support of his RFC determination. AR 22–23. The ALJ's assessment of Plaintiff's impairments also reflects that the ALJ noted ongoing limitations caused by the gunshot wounds, but the ALJ determined that the RFC accounted for these limitations. AR 23.

The reason the ALJ gave for discounting both July 2014 opinions was that they did not reflect Plaintiff's long-term functioning.[4] Regardless of whether ARNP Garrison's opinion was joined by a treating physician, this is a specific and legitimate reason for discounting the opinion, and it is supported by substantial

---

[4] Plaintiff also argues that a 2016 assessment by a different provider militates toward rejecting the ALJ's evaluation of the 2014 opinions. ECF No. 12 at 13. Although this opinion may undermine the ALJ's ultimate determination of Plaintiff's RFC, the ALJ's citation to treatment records within the six to twelve month period described in the July 2014 opinions is significantly more relevant to evaluating the instant opinions.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 16

evidence to which the ALJ cited when discussing Plaintiff's recovery. An ALJ may discount an opinion where subsequent evidence reflects improvement that undermines the opinion. *See Pruitt v. Comm'r of Soc. Sec.*, 612 Fed. App'x 891, 893 (9th Cir. 2015) (treatment notes indicating claimant's stress-related symptoms improved with treatment supported ALJ's conclusion claimant could perform sedentary work). As such, this was a specific and legitimate reason to discount these opinions supported by substantial evidence.

### 3.    ARNP Fox

The ALJ gave limited weight to the opinions of treating provider Shawn Fox, ARNP because ARNP Fox's opinion does not include sufficient objective findings to support the limitations she assessed, and because those opinions were inconsistent with Plaintiff's treatment records. AR 25. The ALJ noted ARNP Fox's opinion included some objective findings to support her opinion, but that those findings "fall short of establishing the extreme limitations she assessed." *Id.*

An ALJ may consider "other source" testimony from medical sources such as nurse practitioners, physicians' assistants, and counselors. 20 C.F.R. § 404.1513(d)(1). If an ALJ chooses to discount testimony of such a witness, the ALJ must provide a "germane" reason for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ may reject the opinions of a provider where those conclusions are memorialized only in "check-off reports that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 17

1  [do] not contain any explanation of the bases" for the provider's assessments. *Crane*

2  *v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). However, a conclusory opinion that is

3  "based on significant experience" with a claimant and is "supported by numerous

4  records" is entitled to greater weight than an otherwise unsupported and

5  unexplained check-box form. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir.

6  2014).

7       The ALJ discounted ARNP Fox's opinion because her examination showed

8  "intact or nearly intact range of motion in nearly all planes of movement, including

9  his hands and wrists, lower extremities, and neck," and only "some limitations of

10  lumbar, hip, and right shoulder range of motion." AR 25. As a preliminary matter,

11  the ALJ seems to have incorrectly noted that the right shoulder had a limited range

12  of motion when the report indicates the left shoulder had reduced range. AR 705.

13  Moreover, the diagnoses ARNP Fox cited in support of her limitations are "hip

14  pain," "back pain," "left arm pain," and "abdominal/nerve pain." AR 702. The

15  ALJ's decision to discount ARNP Fox's opinion rest on a lack of findings that were

16  unrelated to these diagnoses. *See* AR 25. Thus, the Court cannot find this reason for

17  rejecting ARNP Fox's findings was germane. On remand, the ALJ should evaluate

18  ARNP Fox's opinions in the context of the record as a whole, including ARNP

19  Fox's treatment records for Plaintiff.

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT – 18

### 4.    Dr. Clifford, Ph.D. and Dr. Donahue, Ph.D.

The ALJ gave significant weight to the psychiatric assessments of non-examining psychiatrists Dr. Clifford and Dr. Donahue because their opinions were consistent with the record as a whole. AR 26. Plaintiff argues this was in error because their opinions were contradicted by Dr. Schultz's opinion. ECF No. 16. However, as described above, the ALJ gave a specific and legitimate reason for discounting Dr. Schultz's opinion. Moreover, Dr. Clifford and Dr. Donahue assessed Plaintiff as being more limited than did a different examining psychiatrist, Dr. Sawyer. *Compare* AR 101−02, 113−14 *with* AR 585. Thus, the Court does not find the ALJ's decision to give significant weight to Dr. Clifford and Dr. Donahue's opinions was in error.

### 5.    State evaluations from 2009 and 2011

The ALJ gave very little weight to the state evaluations completed in June 2009, October 2009, and June 2011 because the assessments "significantly pre-date the time period at issue in this decision, and the findings and opinions contained in these reports have little relevance to the claimant's current functioning." AR 28. Plaintiff argues this was in error because Plaintiff's forearm impairment described in these opinions continues to cause difficulties. ECF No. 12 at 15.

The ALJ determined that the record did not support Plaintiff's allegations that his right arm injury continued to cause difficulties. AR 28. The ALJ did not cite

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 19

any records in support of this determination, but an independent review of the record does not reflect records that would support finding ongoing limitations to Plaintiff's right hand. Plaintiff cites records in support of his prior argument that the ALJ erred in not finding Plaintiff's right hand impairment severe, but these records do not show Plaintiff continued to suffer the impairments described in these opinions. *See* AR 686, 812, 814 & 834. The ALJ's determination that these findings are not supported by the record as a whole and significantly pre-date the relevant period are clear and convincing reasons supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216.

**C.     The ALJ shall reevaluate Plaintiff's subjective symptom testimony as to his physical symptoms on remand**

Next, Plaintiff assigns error to the ALJ's decision to discount Plaintiff's own subjective symptom testimony. ECF No. 12 at 16–19. The Commissioner contends the ALJ gave four clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. ECF No. 21 at 15.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 20

did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ provided four reasons for discounting Plaintiff's subjective symptom testimony: (1) the medical record does not substantiate Plaintiff's allegations, (2) a 2017 evaluation shows Plaintiff's physical impairments are not as limiting as he asserts, (3) the medical record shows Plaintiff's psychiatric symptoms are not as intense, persistent, or limiting as he alleges, and (4) that Plaintiff's limited work history undermines the persuasiveness of his allegations that his impairments prevent him from working because they suggest Plaintiff has simply chosen not to work. AR 22–24.

As to the first reason, the ALJ found that the record reflected "steady recovery and improvement" after Plaintiff sustained multiple gunshot wounds in June 2014. AR 22. However, in light of the Court's determination that the ALJ improperly discounted ARNP Fox's 2016 opinion that Plaintiff experienced

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 21

ongoing limitations from these injuries, it is also appropriate on remand for the ALJ to reconsider this determination in light of the record as a whole.

As to the second justification for discounting Plaintiff's subjective symptom testimony, Plaintiff does not challenge this finding, and the Court does not address it. The Court also declines to disturb the ALJ's determination that the medical record shows Plaintiff's psychiatric symptoms are not as intense, persistent, or limiting as he alleges. As an initial matter, the Court rejects the ALJ's determination that Plaintiff's failure to seek mental health treatment "indicates his symptoms were not serious enough to warrant treatment." AR 24. "[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). However, the ALJ also provided specific citations to the medical records to support his determination that Plaintiff's anxiety, fear, paranoia, and depression are not as debilitating as Plaintiff alleges. AR 24. Although Dr. Schultz's opinion would have supported Plaintiff's more severe mental health restrictions, as described above, the ALJ's decision to discount this opinion was not in error.

The ALJ's final justification is insufficiently explained and the ALJ should reconsider this factor on remand. Specifically, the ALJ determined that Plaintiff's minimal work history undermines his assertion that impairments resulting from his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 22

gunshot wounds prevent him from working. AR 24. However, while the ALJ noted that Plaintiff's decision to stop working in September 2012 was due to a desire to spend more time with his family, it is not clear to what extent Plaintiff's prior injuries to his right arm may have had in his minimal work history. *See id.* As such, the Court does not find this justification sufficiently specific, clear, and convincing.

**D.      The Court need not evaluate the ALJ's step five analysis**

Given the deficiency in the ALJ's decision identified above, the Court need not evaluate the ALJ's conclusions at step five, which will necessarily depend on the outcome of the preceding step.

**E.      Remand, rather than an award of benefits, is appropriate**

In light of the error identified above, further proceedings are clearly necessary. Though there is substantial evidence to support Plaintiff's entitlement to benefits, that conclusion is not "clear from the record." *Garrison*, 759 F.3d at 1019. Accordingly, the Court remands this matter to the ALJ for further proceedings consistent with this Order, rather than simply awarding benefits.

**CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is
        **GRANTED**.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT – 23

**2.**     The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

**3.**     The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 24